United States District Court
Southern District of Texas

**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **GEORGE ATALA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:25-cv-5708 |
| | § | |
| **ONDECK CAPITAL, INC., ODK** | § | |
| **CAPITAL LLC, ENOVA** | § | |
| **INTERNATIONAL INC.,** | § | |
| **HEADWAY CAPITAL LLC,** | § | |
| **DAVID FISHER, SEAN** | § | |
| **RAHILLY, CATHLEEN PUGH,** | § | |
| **CAPTAIN CAPITAL GROUP,** | § | |
| **LLC, DOES 1–20** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Captain Capital Group LLC's ("Captain") Motion to Dismiss for Insufficient Process Pursuant to Rule 12(b)(4) (ECF No. 29).[1]  Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Captain's Motion to Dismiss for Insufficient Process Pursuant to Rule 12(b)(4) (ECF No. 29) be **DENIED**.

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 13).

## I.    Background

On November 26, 2025, *pro se* Plaintiff George Atala ("Plaintiff") filed a 101-page complaint against Captain, OnDeck Capital, Inc., ODK Capital, LLC, Enova International, Inc., Headway Capital, LLC, David Fisher, Sean Rahilly, and Cathleen Pugh (collectively, "Defendants"), raising various federal and state law claims for alleged unlawful lending and collection practices. (*See* ECF No. 1).

On December 8, 2025, Plaintiff filed an "Affirmation of Service" reflecting that on December 2, 2025, process server Lekisha Collins served the Summons and Complaint on "Captain Capital Group LLC c/o United States Corporation Agents Inc[.]" at "7014 13th Avenue Suite 202 Brooklyn, NY 11228." (ECF No. 12). The Affirmation of Service states that the documents were delivered to "Gabriella F/Receptionist," described as "a person of suitable age and discretion," who confirmed that the location was Captain's place of business. (*Id.*).

On December 16, 2025, Plaintiff filed a declaration regarding service of process on Captain and "discovery of vacant business address," as well as an investigator affidavit relating to attempted service at "999 Central Avenue, Suite 309, Woodmere, New York 11595," which Plaintiff contends was Captain's listed principal office address. (ECF No. 19). Plaintiff's investigator represented that the location appeared vacant and there was no indication the

2

space was currently occupied or used by Captain. (*Id.* at 4–5).  The investigator further noted, however, that as of the date service was attempted, the same 309 Woodmere address was also "publicly listed on the website www.captaincapitalgroup.com as the business address of Captain Capital Group LLC." (*Id.* at 5).

On December 23, 2025, Captain filed the instant Motion to Dismiss, citing Federal Rule of Civil Procedure ("Rule") 12(b)(4), and arguing that process was insufficient because service was allegedly made upon an unauthorized receptionist at the office of Captain's registered agent—United States Corporation Agents, Inc.—rather than upon an authorized officer or agent.  (ECF Nos. 29–31).  In support, Captain submitted the declaration of Nadav Partush, a Member of Captain, who states that Captain has never maintained an office at 7014 13th Avenue, Suite 202, Brooklyn, New York, but acknowledges that United States Corporation Agents, Inc. is Captain's registered agent located at that address.  (ECF No. 30 ¶¶ 1, 7, 9).  Partush further states that "Gabriella F" was not authorized to accept service on behalf of the registered agent and that Captain did not receive notice of the action through the alleged service.  (*Id.* ¶¶ 10–11).  According to Partush, Captain first learned of the lawsuit on December 12, 2025 through an unrelated PACER search.  (*Id.* ¶ 12).

Captain additionally asserts that Plaintiff failed to properly investigate Captain's current business address because Captain had allegedly moved from Suite 309 to Suite 303 at the same Woodmere building shortly before service attempts were made.  (*Id.* ¶¶ 14–16 ("Suite 309 . . . was the location of Captain's office until Captain recently moved to . . . Suite 303 . . . which is three doors away from Captain's previous location on the same floor of the same building.")).  Captain therefore argues dismissal is warranted for insufficient process.  (ECF No. 31).

Plaintiff opposes the motion, arguing that service was properly effectuated through Captain's designated registered agent in accordance with Rule 4 and New York law.  (ECF No. 33).  Plaintiff notes that Captain admits United States Corporation Agents, Inc. is its registered agent, and that service was made at the exact address listed in public New York records for receipt of service.  (*Id.*; *see also* ECF No. 19 at 7 (New York Department of State Records); ECF No. 33-2 (Articles of Organization for Captain)).  Plaintiff further argues that any dispute regarding whether the receptionist was internally authorized to accept service is a matter between Captain and its registered agent and does not invalidate Plaintiff's proper service.  (ECF No. 33 at 5–6).

Plaintiff has also submitted a supplemental declaration from process server Lekisha Collins and additional documentation purporting to show that the registered agent's office accepted service via "Gabriella F." and on behalf of

Captain. (*See* ECF No. 33-1). Plaintiff ultimately argues that Captain received actual notice of the action, suffered no prejudice, and that even if a technical defect existed, dismissal would be improper because any defect can be cured. (ECF No. 33).

## II.   Legal Standard

### A. Rule 12(b)(4) and 12(b)(5)

Rule 12(b)(4) permits dismissal for "insufficient process," whereas Rule 12(b)(5) permits dismissal for "insufficient service of process." FED. R. CIV. P. 12(b)(4)–(5). "Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1353 (4th ed. 2026). Therefore, a Rule 12(b)(4) motion challenges "noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.* By contrast, a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." *Id.* "Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare." *Id.* at n.7 (collecting cases).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011,

5

1013 (5th Cir. 1990) (citations omitted). "Plaintiffs normally meet the burden of establishing that the defendant was properly served by producing the process server's return of service, which is generally accepted as prima facie evidence of the manner in which service was effected." *Fyfee v. Bumbo Ltd.*, No. 09-cv-0301, 2009 WL 2996885, at *2 (S.D. Tex. Sep. 16, 2009) (citing *Nabulsi v. Nahyan*, No. 06-cv-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd sub nom. Nabulsi v. Bin Zayed Al Nahyan*, 383 F. App'x 380 (5th Cir. 2010)). "Also, when determining the sufficiency of service of process, the Court may consider affidavits and other evidence." *Marion Cnty. Econ. Dev. Dist. v. Wellstone Apparel, LLC*, No. 2:13-cv-44, 2013 WL 3328690, at *1 (S.D. Miss. July 2, 2013) (citing *Sys. Signs Supplies,* 903 F.2d at 1013).

### B. Rule 4(e) and Rule 4(h)

Under Rule 4(h)(1), a corporation, partnership, or association may be served within a judicial district of the United States either: (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual;" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(A)–(B).

Rule 4(e)(1), in turn, permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state

where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Because service here was made in New York, New York law governs whether service was sufficient under Rule 4(e)(1). *See LONGi Green Energy Tech. Co. v. Jinko Solar Co.,* No. 2:25-cv-00048, 2025 WL 1762962, at *2 (E.D. Tex. Apr. 27, 2025), *report and recommendation adopted,* No. 2:25-cv-00048, 2025 WL 1762258 (E.D. Tex. June 25, 2025) ("[T]he plain language of the Federal Rules of Civil Procedure permits service under the law of the place where service takes place. . . . Turning to the instant matter: here, service was made on Defendants in California. . . . The Federal Rules, therefore, authorize service pursuant to California law in this case.") (citations omitted). According to New York law, service upon a corporation or limited liability company may be made by delivering process to "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311; *see also id.* at § 311-a ("Service of process on any domestic . . . limited liability company shall be made by delivering a copy personally . . . to any other agent authorized by appointment to receive process, or . . . to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of

7

the limited liability company law."); N.Y. LTD LIAB. CO. §§ 302,  303 (explaining service of process on New York LLCs under article three of the limited liability company law).

"'Service requirements under Rule 4 are construed liberally when a party contesting service of process has received actual notice.'" *Marlin v. Sterling McCall Toyota*, No. 08-cv-912, 2008 WL 11391188, at \*1 (S.D. Tex. June 26, 2008) (citations omitted).  "The Fifth Circuit has construed provisions of Rule 4 broadly when the defendant received notice of the suit." *Id.* (citing *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967)); *see also Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) ("[W]here actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits.").  Even where service is technically deficient, dismissal is generally disfavored if there exists a reasonable prospect that service may be cured.  *See Williams v. CVS*, No. 1:10-cv-156, 2010 WL 11632868, at \*3 (E.D. Tex. Sep. 15, 2010) ("When a district court finds insufficient process or insufficient service, it may either dismiss the suit for failure to effect service or quash the service, giving the plaintiff an opportunity to re-serve the defendant. . . . Generally, dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'") (citations omitted).

## III.   Discussion

### A. Plaintiff Has Met His Burden of Sufficient Service

Plaintiff has made a prima facie showing of sufficient service.   As mentioned, an LLC, like Captain, may be served within a judicial district of the United States either "in the manner prescribed by Rule 4(e)(1)" or by delivering process to an agent authorized to receive service.   FED. R. CIV. P. 4(h)(1)(A)–(B).   Rule 4(e)(1), in turn, permits service pursuant to the law of the state where service is made, which in this case is New York.   FED. R. CIV. P. 4(e)(1).   New York law regarding service therefore governs whether Plaintiff's method of service was sufficient.   *See LONGi Green Energy Tech. Co.*, 2025 WL 1762962, at *2.   New York law permits service on an LLC through its registered agent.   *See* N.Y. LTD LIAB. CO. § 303; *see also id.* at § 302(a) ("In addition to the designation of the secretary of state, each domestic limited liability company or authorized foreign limited liability company may designate a registered agent upon whom process against the limited liability company may be served.").

Here, Plaintiff has submitted a sworn Affirmation of Service stating that on December 2, 2025, the summons and complaint were delivered to Captain Capital Group LLC c/o United States Corporation Agents, Inc. at 7014 13th Avenue, Suite 202, Brooklyn, New York 11228.   (ECF No. 12).   Captain does not dispute that United States Corporation Agents, Inc. was its designated

9

registered agent at that address. (*See* ECF No. 30 ¶ 9). Rather, Captain argues that the individual who accepted the papers, identified as "Gabriella F.," was not personally authorized to receive service on behalf of the registered agent. (*Id.* at ¶ 10).

The Court finds that Plaintiff has made a prima facie showing of valid service. "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that [Defendant] was properly served with the complaint." *Old Republic Ins. Co. V. P. Fin. Services of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). "[N]o [evidentiary] hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" *Id.* Captain does not dispute that service occurred at the exact address designated for receipt of service of process. Nor does Captain dispute that the registered agent existed at that location. Instead, Captain seeks to invalidate service based upon internal authorization procedures within the registered agent's office. However, service under these circumstances is sufficient to create personal jurisdiction over Captain; service should not be defeated based on assertions that the employee accepting process lacked authority, and further considering that service was made at the proper registered-agent location and that Captain received actual notice. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, Inc., 840 F.2d 685, 688 (9th

Cir. 1988) ("The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'"); *id.* at 688–89 (concluding service of process on receptionist in shared office of defendant corporation and another corporation was sufficient to create personal jurisdiction over defendant where she was the only employee in the office and had more than minimal responsibility, and defendant had actual knowledge of service of process). Additionally, Plaintiff has produced evidence that the receptionist provided a "Service of Process Acceptance Form" confirming that United States Corporation Agents, Inc. was the registered agent for Captain and accepted service on Captain's behalf. (ECF No. 33-1). At this stage, the evidence is sufficient to establish at least prima facie compliance with Rule 4.

## B. Defendant's Actual Notice and Absence of Prejudice Weighs Against Dismissal

Even assuming that service was technically deficient, dismissal would not be warranted under the circumstances presented here. Indeed, one court succinctly described the varying adherence to Rule 4(h) among courts and

11

nonetheless found dismissal unwarranted despite the plaintiff's failure to serve the company's registered agent. The *Williams* court explained:

> In interpreting the corporate agent requirement of Rule 4(h)(1)(B), some courts have found that service is adequate so long as the person served is so situated within the corporation that he or she will know what to do with the papers and so long as the managing agent or agent for service actually receives the papers. Other courts interpret the rule more strictly, holding that without evidence that the "agent" was appointed to receive service, the person served should at least be responsible for any substantial aspect of the corporation's operations, i.e., was a managing or general agent. The Fifth Circuit follows the latter group, holding that the letter of Rule 4(h) should be followed in serving process on a corporation or business. The individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the "agent" represents himself to be so authorized or accepts service.

*Williams*, 2010 WL 11632868, at *2 (citation modified) (collecting cases) (noting plaintiff's attempt to serve CVS by serving process on one of its store managers did not satisfy the requirements of service of process).

Nonetheless, the court went on to reason that, "[w]hen a district court finds insufficient process or insufficient service, it may either dismiss the suit for failure to effect service or quash the service, giving the plaintiff an opportunity to re-serve the defendant." *Id.* at *3 (citations omitted). Further, "dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.' [Instead,] [t]he court should elect to quash service and preserve the action when 'there is a

12

reasonable prospect that plaintiff ultimately will be able to serve defendant properly.'" *Id.* (citations omitted). Considering the record here, the Court subscribes to the same line of reasoning and finds that "there is a reasonable prospect that [Plaintiff] will be able to serve [Captain] properly, and, thus, dismissal may not be appropriate at this time." *Id.*

After Plaintiff served Captain on December 2, 2025 (ECF No. 12), Captain admittedly obtained actual notice of this action no later than December 12, 2025 via PACER. (ECF No. 30 ¶ 12). Captain retained counsel (*id.* at ¶ 13), appeared in the action about a week later (*see* ECF No. 27), and timely filed the present motion (ECF No. 29). There is no indication that Captain suffered prejudice resulting from the way service was attempted. Moreover, Plaintiff attempted service in good faith using the registered-agent address listed in official New York records (*see* ECF No. 19 at 7; ECF No. 33-2). Plaintiff also attempted service at Captain's principal office address identified in state filings. The Court therefore finds that Plaintiff acted reasonably in relying upon publicly available corporate records.

Given these records, the Court is unpersuaded by Captain's contention that Plaintiff was somehow obligated to independently discover Captain's alleged move from Suite 309 to Suite 303 within the same building, particularly where Captain's public filings had not been updated to reflect that move. (*See* ECF No. 30-3 at 7).

As such, the Court finds that Plaintiff has demonstrated good cause, and thus, he should be granted an additional period of thirty (30) days to effect proper service on Captain.

## IV.   Conclusion

Based on the foregoing, the Court declines to dismiss Captain from this lawsuit at this juncture.   The Court therefore **RECOMMENDS** Captain's Motion to Dismiss for Insufficient Process Pursuant to Rule 12(b)(4) (ECF No. 29) be **DENIED**.  If this Memorandum and Recommendation is adopted, the Court **ORDERS** that Plaintiff have at least 30 days from the date the Memorandum and Recommendation is adopted to effect service on the proper Captain entity.  Once service is effectuated, or waived, Captain must inform the Court within 30 days how it will proceed in the litigation in light of the Enova Defendants' pending Motion to Compel Arbitration and Stay Action, or Alternatively, to Transfer Venue (ECF No. 38).  For instance, whether Captain will file a renewed dispositive motion, proceed with discovery, or join the motion to compel arbitration.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time

period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 5, 2026.

Richard W. Bennett
United States Magistrate Judge