United States District Court
Southern District of Texas
**ENTERED**
August 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE ATALA, Plaintiff, | § | CIVIL ACTION NUMBER 4:25-cv-05708 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ONDECK CAPITAL, INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff George Atala proceeds here *pro se*. He filed this lawsuit, asserting claims for alleged unlawful lending and collection practices against Defendants Ondeck Capital, Inc, ODK Capital LLC, Enova International Inc, Headway Capital LLC, David Fisher, Sean Rahilly, Cathleen Pugh, and Captain Capital Group, LLC. Dkt 1.

Pending is a motion by Defendants to compel arbitration and stay action or, alternatively, to transfer venue. Dkt 38; see Dkt 48 (joinder by Captain Capital Group, LLC). Defendants maintain that the subject loan contract contains an arbitration agreement that requires any disputes arising out of or relating to any aspect of the contract to be resolved by mandatory binding arbitration. Id at 2. Also pending are motions by Plaintiff for judicial notice and relief from judicial admissions, and a motion by Defendants to strike Plaintiff's motion for judicial notice. Dkts 42, 43 & 52.

The matter was referred for disposition to Magistrate Judge Richard W. Bennett. Dkt 13. He recommends that the motion to compel arbitration be granted. Dkt 50. He determined that the nature of Plaintiff's challenge to the

loan contract—for fraud in the inducement and usury—amounts to a challenge to the contract as a whole, not as to the arbitration provision specifically. See id at 13–17. As such, he concluded that resolution of such challenge is for the arbitrator to decide. And to the extent that Plaintiff could be construed as challenging the arbitration agreement specifically or its formation, he determined that such claims would also fail in light of the allegations in the complaint. Id at 18–25.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections, along with a supplemental declaration. Dkts 51 & 51-1. He also filed a further motion to "relieve the adverse consequences of purported judicial admissions." Dkt 52. That motion is largely redundant of arguments presented in his objections. As such, it will be construed as additional objections to the Memorandum and Recommendation. In such filings, Plaintiff primarily disputes formation of the loan contract. Notwithstanding repeated allegations in his complaint that he did *sign* the loan contract, he argues that he "never signed, adopted, or authorized" the loan contract. Dkt 51 at 10–12. He thus asserts that the motion to compel arbitration should be denied. Id at 17.

Upon *de novo* review and determination, Plaintiff's objections lack merit. The well-reasoned Memorandum and Recommendation considered Plaintiff's argument that he didn't sign the contract. See Dkt 50 at 20–21. The Magistrate Judge appropriately concluded that the complaint was "replete with factual allegations" that

Plaintiff had, in fact, entered into the loan contract. See ibid, citing Dkt 1 at ¶¶21, 94, 97, 118, 139–40, 144. And Plaintiff himself attached the subject loan agreement to the complaint, which contained both the arbitration clause and his signature. See Dkt 1-1. As such, Plaintiff cannot now claim that he didn't sign the agreement to avoid arbitration. See *Noble Capital Group, LLC, v US Capital Partners, Incorporated*, 2021 WL 3477481, *2 (5th Cir) (holding that where plaintiff alleged in its complaint that defendants "fraudulently induced it to assent to the arbitration clauses," it could not later claim that it "never assented to the arbitration clauses"). Formation having been satisfied, the validity of the arbitration agreement will be for the arbitrator to decide.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkts 51 & 52 (motion, construed as objections).

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 50.

The motion by Defendants Ondeck Capital, Inc, ODK Capital LLC, Enova International Inc, Headway Capital LLC, David Fisher, Sean Rahilly, Cathleen Pugh, and Captain Capital Group, LLC, to compel arbitration is GRANTED. Dkts 38 & 48.

The motion by Plaintiff George Atala for judicial notice is DENIED AS MOOT. Dkt 42.

The motion by Defendants to strike is DENIED AS MOOT. Dkt 43.

The motion by Plaintiff for relief from adverse consequences of judicial admissions, to any extent it goes beyond stating objections, is DENIED AS MOOT. Dkt 52.

This action is STAYED AND ADMINISTRATIVELY CLOSED until the arbitral and confirmation proceedings conclude.

The parties must provide a status report as to the arbitral proceedings on February 1st and August 1st of each year until concluded.

SO ORDERED.

Signed on August 20, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge